UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 1592 |
| v. ) | |
| ) | Judge John W. Darrah |
| I.B.E.W. - N.E.C.A. TECHNICAL INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the motion of Defendant I.B.E.W. - N.E.C.A. Technical Institute ("I.B.E.W.") to dismiss the claims of Plaintiff John Tate pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, I.B.E.W.'s motion is granted.

## BACKGROUND

Tate alleges that I.B.E.W. violated his rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 when it denied an appeal of his dismissal from an apprenticeship program based on his race and color.

Tate belonged to the New Skill Builders Program ("New Skills"), an entity that aids individuals in the preparation and obtainment of construction apprenticeships. Through Linda Hannah, program director at New Skills, Tate began the Electrical Joint Apprenticeship and Training Program at I.B.E.W. in the fall of 2007.

Tate completed the 11-week program, but because he failed two of the five academic courses he took that semester, he was dismissed from the program. Tate's dismissal for grades was pursuant to I.B.E.W.'s First Year Program General Rules, which held that if a student received two or more grades of "F" in one semester, the student would be dismissed from the

program. Tate received a letter from I.B.E.W., confirming his dismissal on December 13, 2007. He was one of six students dismissed from the program that semester after failing two or more courses.

I.B.E.W.'s General Rules, however, allowed dismissed students to appeal, in writing, the termination of their membership in the program. If I.B.E.W. accepted a student's appeal, the student would begin the first year of the apprenticeship training program over. Tate properly appealed his dismissal to I.B.E.W., sending a letter to Director Dr. John Donahue on December 16, 2007. Donahue and I.B.E.W. denied Tate's request for readmission, sending a letter to inform Tate of the decision. Tate received the denial letter around December 19, 2007.

Disappointed about his ejection from the apprenticeship program, Tate attempted to learn more about I.B.E.W.'s decision to deny his appeal. First, Tate asked Hannah, his liaison with I.B.E.W., to look into the matter. Honoring Tate's request, Hannah contacted King, an I.B.E.W. administrator, asking him to shed light on Tate's dismissal. King declined to look into the matter, citing a desire to not challenge the decision of Donahue. With no news from Hannah, Tate sent a letter to her, once again asking her to conduct an investigation of I.B.E.W.'s decision to deny his appeal. Tate never received a further explanation from Hannah or I.B.E.W.

In early July 2008, Tate was working at the Taste of Chicago. He randomly crossed paths with a former I.B.E.W. colleague who, like Tate, was dismissed from the program after failing two or more courses. Tate learned his colleague had been accepted back into the apprenticeship program after appealing his dismissal to Donahue. Furthermore, Tate's colleague informed him that of the six students who were dismissed after the Fall 2007 semester for failing two or more courses, Tate's appeal was the only one that was denied. All five other students were accepted

back into the program. This was the first time Tate learned that all five of his colleagues had been accepted back into the program through I.B.E.W.'s appeals process.

Tate subsequently filed discrimination charges against I.B.E.W. with the Illinois Deptartment of Human Rights, which was then cross-filed with the EEOC on December 17, 2008. The date of filing with the EEOC was over one year after Tate's membership was terminated. On January 12, 2009, Tate was notified by the EEOC that it was closing his file because his charges were not timely filed.

I.B.E.W. has moved to dismiss Tate's complaint for failure to state a claim. I.B.E.W. contends, pursuant to Title VII, that Tate had three-hundred days from the date he was initially dismissed from the program to file a charge with the EEOC. Since the face of the pleadings show Tate failed to meet the deadline, I.B.E.W. argues, Tate's claims against I.B.E.W. are time-barred.

## LEGAL STANDARD

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). *See also Bowers v. Federation Internationale de l'Automobile*, 489 F.3d 316, 320 (7th Cir. 2007). This Court will accept the well-pleaded allegations in the Complaint as true and will draw all reasonable inferences in favor of Plaintiff. *Porter v. DiBlasio*, 93 F.3d 301 (7th Cir. 1996). *See also Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

This Court, however, will not ignore any facts set forth in the Complaint that undermine Plaintiff's claim or give weight to unsupported conclusions of law. *Buchanan-Moore v. County*

3

*of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). *See also Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## ANALYSIS

In order for Tate to survive I.B.E.W.'s motion to dismiss, he must meet Title VII's time-filing requirements. In Illinois, a complainant must file a complaint within three hundred days of the alleged harassment. *Koelsch v. Beltone Electronics Corp.*, 46 F.3d 705, 707 (7th Cir. 1995) (citing 42 U.S.C. § 2000e-5(e)). Failure to do so renders the charge untimely. *Filipovic v. K & R Exp. Systems, Inc.*, 176 F.3d 390, 396 (7th Cir. 1999).

A plaintiff's statute of limitations begins to run in a discrimination case when he discovers that he has been injured, not when he determines the injury was unlawful. *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (*Thelen*). *See also Teumer v. General Motors Corp.*, 34 F.3d 542, 550 (7th Cir. 1994).

The parties are in agreement that Tate failed to file charges with the EEOC within the 300-day statutory limit. Tate's injury occurred on December 13, 2007, the day he received a letter from Donahue, confirming Tate's dismissal from the apprenticeship program. Under Title VII, Tate had until October 8, 2008, to file charges but he failed to do so until December 17, 2008. Tate's filing was untimely by more than two months.

### *Equitable Tolling*

Well aware that his charges were not filed in a timely manner, Tate calls on the doctrine of equitable tolling to save his claims. His argument is that even though he exercised due diligence, he had no reason to know I.B.E.W.'s denial of his appeal for readmission into the program may have been a discriminatory act until July 2008, when his former colleague informed

4

him he was the only student denied readmission. Tate further requests that this Court begin the 300-day limitations period on the day he discovered the vital information that hinted at possible discrimination.

Equitable tolling allows a plaintiff to toll the statute of limitations if, despite all due diligence, he is unable to obtain enough information to conclude that he may have a discrimination claim. *Thelen*, 64 F.3d at 268. If a reasonable person in Tate's position would not have known until July 2008 that I.B.E.W.'s denial of the appeal for readmission may have been a discriminatory act, Tate can utilize the doctrine of equitable tolling to suspend the running of the statute of limitations for such time as was reasonably necessary to conduct the necessary inquiry. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (1990).

Tate exercised due diligence in his search for the details of his permanent dismissal from the program. After receiving Donahue's letter, he went out of his way to speak with Hannah, his mentor who acted as a liaison with I.B.E.W. After Hannah's communication King hit a dead end, Tate drafted a lengthy letter to Hannah, asking her to conduct an investigation into his dismissal. Despite his exercise of due diligence, Tate initially uncovered no evidence that would lead him to believe discrimination was the basis for I.B.E.W.'s denial of his appeal.

Equitable tolling, then, applies to Tate's claims. But the fatal flaw of Tate's argument is the stance that once Tate became armed with the vital information that led him to believe I.B.E.W.'s denial of his appeal may have been discriminatory, Tate should get the benefit of a fresh 300-day limitations period. He gets no such benefit. This circuit has clearly held that when equitable tolling applies, the court does not grant the plaintiff a fresh three hundred days to file his charge from the time he obtains enough information to suspect discrimination. *EEOC v.*

*O'Grady*, 857 F.2d 383, 392 (7th Cir. 1988). Because the doctrine is equitable in nature, the plaintiff has a duty to file his charge with the EEOC within a reasonable time after obtaining the necessary information. *Cada*, 920 F.2d at 453. Moreover, "reasonable time" has been defined as days and, at most, weeks. *Thelen*, 64 F.3d at 268.

Tate's filing was not completed in days or, at worst, weeks after he learned the necessary information. After becoming aware of the vital information about all five of his colleagues' being invited back into I.B.E.W.'s program at the Taste of Chicago in July 2008, Tate waited until December 17, 2008, to file charges. The parties have failed to cite a precise date on which Tate ran into his friend. Since the Taste of Chicago is a well-known annual event that always closes within a few days after the Fourth of July holiday, it appears that Tate waited more than three months to file his charge, hardly a reasonable course of action under *Cada* and *Thelen*. Tate has offered no excuses or justification for his unreasonable delay.

Finally, Tate argues that it would be unjust to require him to file within three hundred days from his termination from the program even though he did not discover the necessary information until July 2008. This argument is not persuasive. Equitable tolling is, after all, an equitable doctrine. *Cada*, 920 F.2d at 452. It gives the plaintiff extra time if he needs it. *Id.* If he doesn't need it, there is no basis for depriving the defendant of the protection of the statute of limitations. *Id.* Since Tate still had about two months left in the 300-day filing period when he became armed with the vital information in July 2008, he did not even need the benefits of equitable tolling. He could have prepared the administrative complaint with the EEOC "within days." *Cada*, 920 F.2d at 452. Waiting three months to do so is not acceptable.

Because the face of Tate's Complaint clearly shows his charges are time-barred under Title VII, he has pled himself out of court under Rule 12(b)(6). *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). *See also Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998). Therefore, I.B.E.W.'s Motion to Dismiss must be granted.

## CONCLUSION

For the reasons stated above, I.B.E.W.'s Motion to Dismiss is granted.

Dated: November 10, 2009

JOHN W. DARRAH
United States District Court Judge